UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MJ-6469-PMH

UNITED STATES OF AMERICA

v.

JONATHAN MARKOVICH,
RICHARD WASERSTEIN,
DANIEL MARKOVICH,
CHRISTOPHER GARNTO,
JOSE SANTEIRO,
ANDREW LIEBERMAN, and
FRANCISCO BOSCH,

        Defendants.
_____/

## ORDER FOLLOWING PRELIMINARY HEARING

THIS CAUSE is before the Court following a two-day preliminary hearing held on October 28 and 29, 2020, pursuant to Federal Rule of Criminal Procedure 5.1. *See* (ECF Nos. 51, 61-65, 67-68, 71-77). The purpose of a preliminary hearing is to determine whether there is "probable cause to believe that an offense has been committed and the defendant committed it." Fed. R. Crim. P. 5.1(e). At the preliminary hearing, a defendant has the right to cross-examine government witnesses and may introduce evidence in his own behalf. *Id.* If probable cause is found, "the magistrate judge must promptly require the defendant to appear for further proceedings." *Id.*

Here, Defendants are charged by Criminal Complaint, *see* (ECF No. 1), as follows:

Defendant Jonathan Markovich:
(i) conspiracy to commit health care and wire fraud, in violation of 18 U.S.C. §1349; (ii) conspiracy to pay/receive kickbacks, in violation of 18 U.S.C. §§ 220(a) and 371; (iii) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); (iv) making false statements to a financial institution, in violation of 18 U.S.C. § 1014; and (v) bank fraud, in violation of 18 U.S.C. § 1344(2).

Defendant Richard Waserstein:
(i) conspiracy to pay/receive kickbacks, in violation of 18 U.S.C. §§ 220(a) and 371; (ii) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and (iii) money laundering, in violation of 18 U.S.C. § 1957(a).

Defendant Daniel Markovich:
(i) conspiracy to commit health care and wire fraud, in violation of 18 U.S.C. §1349; and (ii) conspiracy to pay/receive kickbacks, in violation of 18 U.S.C. §§ 220(a) and 371.

Defendant Christopher Garnto:
(i) conspiracy to commit health care and wire fraud, in violation of 18 U.S.C. §1349; and (ii) conspiracy to pay/receive kickbacks, in violation of 18 U.S.C. §§ 220(a) and 371; and (iii) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

Defendant Jose Santeiro:
(i) conspiracy to commit health care and wire fraud, in violation of 18 U.S.C. §1349.

Defendant Andrew "Drew" Lieberman:
(i) conspiracy to commit health care and wire fraud, in violation of 18 U.S.C. § 1349.

Defendant Francisco "Frank" Bosch:
(i) conspiracy to pay/receive kickbacks, in violation of 18 U.S.C. §§ 220(a) and 371.

At the hearing, the Government introduced the Criminal Complaint as an exhibit and also offered evidence of recently obtained post-Complaint witness statements, including statements from two cooperating co-Defendants, to support its argument that probable cause exists as to all Defendants as to all charges in the Complaint. More specifically, FBI Special Agent Alberto Bhoghe testified and was cross-examined by all

Defendants regarding the basis for the charges. As well, Defendant Santeiro presented various exhibits, which were admitted into evidence.[1] *See* (Santeiro Exhs. 1 through 6A).

Against this backdrop, and having considered the evidence and the arguments of counsel at the hearing, the Court finds that the Government has established probable cause to believe that each Defendant committed the crimes with which he is charged in the Criminal Complaint. In summary, the Government's evidence includes interviews of Defendants' former employees, patient recruiters, patients, and two cooperating co-Defendants. The evidence also includes medical and billing records, which were analyzed by the Government's expert and an outside consultant, both of whom found patterns of fraud and overbilling, among other things. During cross-examination and closing arguments, counsel for Defendants challenged the credibility of the Government's cooperators and witnesses, and the circumstantial nature of the Government's evidence regarding some Defendants' knowledge of and direct participation in the charged schemes. Although these arguments may be plausible defenses for use at trial, they simply do not negate the existence of probable cause at this stage of the proceedings.

---

[1] Defendant Lieberman sought to introduce into evidence (and cross-examine the agent with) a manufacturer's drug packet insert for the drug Subutex. The undersigned, however, precluded admission of this exhibit as irrelevant and beyond the scope of a preliminary hearing.

For these reasons, the undersigned finds that the Government has sufficiently met its burden of establishing probable cause to support the charges in the Complaint. Accordingly, the Defendants will be held to answer the charges and are ordered to appear for further proceedings.

**DONE AND ORDERED** in Chambers at Fort Lauderdale in the Southern District of Florida, this 3rd day of November, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  All Counsel of Record